UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| RONALD G. JOHNSON, | : | CASE NO. 4:20CV01019 |
| Plaintiff, | : | |
| vs. | : | ORDER OF DISMISSAL |
| | : | [Resolving Doc. No. 1] |
| ANNETTE CHAMBERS-SMITH, et al. | : | |
| Defendants. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Ronald G. Johnson, an Ohio prisoner incarcerated in the Northeast Ohio Correctional Center (NEOCC), filed this civil rights action under 42 U.S.C. § 1983 against Annette Chambers-Smith, the Ohio Department of Rehabilitation and Correction Director; Carla Black, auditor for the Ohio Bureau of Sentence Computation (BOSC); and "Ms. Thalheimer, A.P.A. Chair."[1] In his Complaint, Plaintiff alleges that Defendants are liable to him for miscalculating his state criminal sentences, and he seeks an injunction ordering the Court to correct his sentences as well as compensation for his "duplicate" sentences for which he contends he is being falsely imprisoned. Plaintiff states that he received "almost 2-years of additional incarceration" on his allied offenses from Fayette, Adams, and Highland counties; Defendants failed to "toll" his "indefinite term from 2006-2018 while definite terms are served"; and the BOSC "added an unauthorized definite term to [the] expiration of the indefinite term from 8/30/2012 until 8/27/2024."[2]

---

[1] Doc. No. 1.

[2] Doc. No. 1 at PageID # 7.

Case No. 4:20CV01019
Gwin, J.

I. Background

Before Johnson's Complaint was screened by the Court under the Prison Litigation Reform Act, he filed the following motions: Motion to Proceed *In Forma Pauperis* (5/11/20); Motion for Appointment of Counsel (5/11/20 and 7/10/20); Motion for Judgment by Default (6/22/20); Motion for Preliminary Injunction (6/24/20); Motion for Judgment on the Pleadings (7/15/20); Motion to Vacate the Money Award in Prayer or Relief and Motion for Entry on Default Judgment, Judgment on the Pleadings, and Preliminary Injunction (7/20/20); and Motion for Supplemental Pleadings (7/27/20).[3]

Plaintiff has already challenged (on essentially the same grounds) the computation of his state criminal sentences in two prisoner civil rights actions filed in this Court.[4] The Court dismissed the first action, explaining that "to the extent Plaintiff seeks damages for what he claims is wrongful incarceration" in connection with alleged duplicate sentences, his action is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which requires a plaintiff to show that a challenged sentence has already been reversed on appeal in the Ohio courts or called into question by a writ of *habeas corpus*.[5] The Court then dismissed Plaintiff's second action based on the same grounds, finding that the allegations in Plaintiff's Complaint "do not suggest that the state sentences [Plaintiff] challenges have been reversed on direct appeal or called into question in any ways articulated in *Heck*."[6]

II. Standard of Review

District courts are required under 28 U.S.C. § 1915A to review all complaints filed in federal court in which a prisoner seeks redress from a governmental officer or employee, and to

---

[3] Doc. Nos. 2, 3, 5, 7, and 11-14.
[4] *See Johnson v. Bowers, et al.*, No. 4:18CV0486 (N.D.Ohio, filed March 2, 2018) and *Johnson v. Bowers, et al.*, No. 4:19CV2198 (N.D. Ohio, filed January 31, 2020).
[5] *Johnson v. Bowers, et al.*, No. 4:18CV0486, Memorandum of Opinion and Order, Doc. No. 5 at PageID ##43-44.
[6] *Johnson v. Bowers, et al.*, No. 4:19CV2198, Memorandum of Opinion and Order, Doc. No. 3 at PageID #46.

-2-

Case No. 4:20CV01019
Gwin, J.

dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.[7]

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face."[8] The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] Although a Complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true."[10] The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."[11]

The Supreme Court further explained the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[13] This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14]

---

[7] *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir.2010).
[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[9] *Id.* at 555.
[10] *Id.* (Citation omitted.)
[11] *Papasan v. Allain*, 478 U.S. 265, 286 (1986).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[13] *Id.* (quoting *Twombly*, 550 U.S. at 556).
[14] *Id.* at 679.

-3-

Case No. 4:20CV01019
Gwin, J.

III. Law and Analysis

Here, Plaintiff alleges that his state sentences have been improperly calculated and he seeks a sentence correction. To that extent, the Court cannot grant this relief in a civil rights action. When a prisoner challenges his conviction or sentence, his sole remedy is *habeas corpus*.[15] "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus…" [16]

Additionally, to the extent Plaintiff seeks damages for what he claims is wrongful incarceration, he still cannot proceed in a civil rights action. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983."[17] Therefore, when a state prisoner seeks damages in a § 1983 suit, "the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[18] If, however, the Court determines that the plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.[19]

---

[15] *Muhammed v. Close*, 540 U.S. 749, 750 (2004)(Citation omitted.)
[16] *Id.*
[17] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).
[18] *Id.* at 487.
[19] *Id.*

-4-

Case No. 4:20CV01019
Gwin, J.

Here, Plaintiff directly challenges the computation of his sentence. A judgment of false imprisonment would necessarily imply that his sentence as calculated is invalid. He must therefore allege that his sentence was corrected in the Ohio courts or by a Writ of *Habeas Corpus*. Because the allegations in Plaintiff's Complaint do not suggest that the state sentences he challenges have been reversed on appeal or called into question in any of the ways articulated by *Heck*, Plaintiff cannot proceed with a damages action challenging his sentence.[20] His Complaint therefore fails to allege any plausible damages claim upon which relief can be granted.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. In light of the Court's decision, all pending motions noted in this Order (Doc. Nos. 2, 3, 5, 7, and 11-14) are denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: October 20, 2020   *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[20] *See Longacre v. Mich. Dep't of Corr.*, No. 2:14CV10, 2014 WL 3953194 (W.D.Mich. Aug. 13, 2014) (dismissing § 1983 claim alleging that the manner in which the plaintiff's sentence had been calculated would keep him in prison past his proper release date as barred by *Heck*), *aff'd*, *Longacre v. MDOC*, No. 14-2119 (6th Cir. June 1, 2015).